[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13887
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00573-JES-DNF

SHIRLEY BURNS,

Plaintiff-Appellant,

versus

CITY OF CAPE CORAL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 3, 2013)

Before  HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Shirley Burns, an African-American woman, appeals the district court's grant of the City of Cape Coral's (Cape Coral) motion for summary judgment as to her complaint alleging race and sex discrimination under Title VII, 42 U.S.C. § 2000e-2(a), and the Florida Civil Rights Act, Fla. Stat. § 760.10(1). In June 2008, Cape Coral offered financial incentives for employees participating in certain retirement plans to retire early, but did not provide any such incentives to employees, like Burns, who participated in a 401(a) Defined Contribution Plan (401(a) Plan). In September 2008, Cape Coral passed a budget which eliminated Burns' position, effective January 31, 2009. The next month, Cape Coral failed to pass Ordinance 116-08, which would have provided severance payments to 401(a) Plan employees. On appeal, Burns argues she identified proper comparators in support of a *prima facie* case that Cape Coral discriminated against her by eliminating her position and denying her a severance payment. She also argues Cape Coral failed to present legitimate, non-discriminatory reasons for its actions.

*Standard of Review*

"We review a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the party opposing the motion." *Brooks v. Cnty. Comm'r of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1161-62 (11th Cir. 2006). Summary judgment is appropriate if the evidence demonstrates there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a

2

matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the burden of demonstrating no genuine issue of material fact exists, *see Brooks*, 446 F.3d at 1162, although the non-moving party must make a sufficient showing on each essential element of his case for which he bears the burden of proof, *see Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2552 (1986).

*Discussion*

Title VII and the Florida Civil Rights Act prohibit employers from discharging an employee or discriminating against the employee with respect to her compensation on the basis of the employee's race or sex.  42 U.S.C. § 2000e-2(a); Fla. Stat. § 760.10(1)(a).[1]  Once the plaintiff establishes a *prima facie* case of discrimination, a presumption of discrimination arises that the employer may rebut by articulating at least one legitimate, non-discriminatory reason for its action.  *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010).  The burden then shifts back to the plaintiff to produce evidence that the employer's proffered justification is a pretext for discrimination.  *Id*.  In doing so, a plaintiff may not recast the employer's proffered non-discriminatory reason, or substitute her own business judgment for that of the employer.  *See Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*).  A reason

---

[1]  Title VII law applies to claims raised under the Florida Civil Rights Act.  *See Albra v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

is not pretext unless the plaintiff shows it is false, and that discrimination was the true reason. *See Brooks*, 446 F.3d at 1163.

Even assuming Burns established a *prima facie* case of discrimination, Cape Coral provided legitimate, non-discriminatory reasons for its actions. As to the denial of a severance payment, Cape Coral presented evidence it could not consider paying a severance to 401(a) Plan employees contemporaneously with the buyouts due to legal concerns. Cape Coral also proffered evidence that the City Council failed to pass Ordinance 116-08 due to concerns that the severance payments were fiscally irresponsible. Likewise, Cape Coral presented evidence that the City Council eliminated Burns' position as a means to reduce expenditures and save money. Cape Coral further proffered that the position was selected for elimination based on Burns' agreement and desire to retire.

Burns has failed to present sufficient evidence that Cape Coral's justifications were pretext. *Alvarez*, 610 F.3d at 1264. She contends Cape Coral should have retained her because (1) she exceeded the directive to reduce her department's budget by five percent, (2) Cape Coral did not consider eliminating her position until the second reading of the fiscal year 2009 budget, (3) Cape Coral had enough surplus to pay her salary for a year, (4) her salary was paid from the general fund, and (5) she agreed to retire in exchange for a severance payment. Burns also contends Cape Coral should have waited to eliminate her position until

4

after the City Council authorized a severance package.  None of Burns' arguments, however, cast any doubt on Cape Coral's assertions that its decisions were fiscally and legally motivated.  Burns instead seeks to impermissibly recast these justifications and substitute her own business judgment for that of the city.  Burns must do more than demonstrate Cape Coral's decisions were unwise, *see Chapman*, 229 F.3d at 1030, and she has failed to demonstrate Cape Coral's proffered reasons were false, *see Brooks*, 446 F.3d at 1163.[2]  Accordingly, we affirm the district court.

**AFFIRMED.**

---

[2]  Notably, the fiscal year 2009 budget and the City Council's failure to pass Ordinance 116-08 equally affected white males.